IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PA. BOARD OF PROBATION & PAROLE, et al. | : | NO. 05-2450 |
| | : | |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                                                         October 26, 2005
United States Magistrate Judge

       Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, this court recommends that the petition be denied.

**I.     BACKGROUND**

       On January 24, 1991, petitioner was sentenced by the Court of Common Pleas for Montgomery County to two concurrent sentences of two and one-half to seven years for the offenses of theft by deception stemming from Common Pleas Indictment No. 6419, 89 (hereinafter referred to as "Montgomery County sentences"). The effective date of these concurrent sentences was November 3, 1989. Petitioner was paroled on these sentences on July 16, 1992, with a minimum expiration date of May 3, 1992 and a maximum expiration date of November 3, 1996. (Ex. 1 to Commonwealth's Answer.)

       On April 29, 1996, the Board of Probation and Parole ("Board") issued a warrant to commit and detain petitioner based on his arrest by Philadelphia, Pennsylvania police officers on April 27, 1996, on charges of attempted theft, retail theft, simple assault, robbery, possession of an instrument of crime, recklessly endangering another person, receiving stolen property,

terroristic threats and theft.  (Exs. 12 and 13 to Commonwealth's Answer.)  On May 6, 1996, while in custody, petitioner was charged with a second arrest by Philadelphia police.  (Ex. 13 to Commonwealth's Answer.)

On August 13, 1996, the Board ordered that petitioner be recommitted as a technical parole violator when available to serve his unexpired term.  (Ex. 15 to Commonwealth's Answer.)  On November 18, 1996, petitioner was declared delinquent for control purposes, effective April 25, 1996.  (Ex. 16 to Commonwealth's Answer.)

On November 27, 1996, petitioner pled guilty to three counts of robbery in the Philadelphia Court of Common Pleas.  He was sentenced to seven to fifteen years in a state correctional institution.  <u>See</u> Exs. 17A, 17B, 17C to Commonwealth's Answer.  All sentences were to run concurrently (Phila. C.P. Nos. 0722, 0723 and 0803, hereinafter "Philadelphia sentences").

On March 26, 1997, the Board recommitted petitioner as a convicted parole violator to serve the unexpired term of three years and eight months on the Montgomery County sentences.  (Ex. 19 to Commonwealth's Answer.)  The Board cited petitioner's Philadelphia convictions committed on parole as the reason for its decision.

On July 1, 1997, the Board created a PBPP Form 39 sheet which sets forth August 26, 2000 as petitioner's maximum release date for the Montgomery County sentences.  (Ex. 20 to Commonwealth's Answer.)  The Board noted that petitioner was a technical and convicted parole violator whose original maximum date had been November 3, 1996.  Petitioner was paroled on

July 16, 1992, and at that time owed four years, three months and seventeen days of backtime.[1] Petitioner had been confined for seven months and seventeen days as a parole violator, and therefore still owed three years and eight months of backtime on the Montgomery County sentences. Petitioner was considered returned to custody on December 26, 1996. (Ex. 20 to Commonwealth's Answer.) Accordingly, his maximum release date for the Montgomery County sentences was August 26, 2000.

Petitioner's reception date for the Philadelphia sentences was August 26, 2000, the day the Montgomery County sentences expired. He was credited for the time he was incarcerated after his arrest for the Philadelphia charges on April 27, 1996 until December 25, 1996 (C.P. Nos. 0722-0723); this represents the time <u>before</u> he began serving his Montgomery County parole violation sentence. (Exs. 18 and 20 to Commonwealth's Answer.) With the backtime credited, petitioner's minimum expiration date for the Philadelphia sentences is January 5, 2015.

After the Board's decision revoking his parole, petitioner filed a timely request for administrative appeal. On February 2, 1998, the Board denied petitioner's appeal. On February 25, 1998, counsel for petitioner filed a petition for review in the Commonwealth Court of Pennsylvania. Counsel later applied for leave to withdraw because the issues raised by petitioner were frivolous. In a published opinion filed on September 10, 1998, the Commonwealth Court granted counsel's petition to withdraw and found petitioner's appeal to be "wholly frivolous."

---

[1] Backtime is "that part of an <u>existing</u> judicially-imposed sentence which the Board directs a parolee to complete following a finding after a <u>civil</u> administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible for parole." <u>Krantz v. Commonwealth of Pennsylvania, Bd. of Prob. and Parole</u>, 483 A.2d 1044, 1047 (Pa. Commw. Ct. 1984) (emphasis in original).

Johnson v. Pennsylvania Bd. of Problem. and Parole, 717 A.2d 1108, 1110 (Pa. Commw. Ct. 1998). Specifically, the appellate court rejected petitioner's argument that he was not required to serve any of the backtime owed under the Montgomery County sentences because petitioner was sentenced for the Philadelphia convictions after the maximum date for the Montgomery County sentences, as originally calculated, had expired. The court stated that it was "irrelevant that he was not convicted until expiration of his maximum sentence." Id. (quoting Anderson v. Cuyler, 386 A.2d 169 (Pa. Commw. Ct. 1978)). Petitioner later unsuccessfully attempted to have the Pennsylvania courts review his claims against the Board. See Johnson v. Pennsylvania Bd. of Prob. and Parole, 873 A.2d 697 (Pa. 2005) (affirming Commonwealth Court's order of December 22, 2005 dismissing a petition for review).

## II.    DISCUSSION

In order to qualify for habeas corpus relief, petitioner must show that "he is in custody, in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner claims that the Board miscalculated his sentence and this violates the procedural due process clause, as guaranteed by the Fourteenth Amendment and the Eight Amendment's prohibition against cruel and unusual punishment.

Under the Fourteenth Amendment, the state cannot deprive petitioner of a liability interest claim without procedural due process. Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989). However, the availability, before the expiration of a sentence, of a state judicial remedy to correct any errors in the state's calculation of sentence credits is all that due process requires. Id. at 1115 (procedural due process requires that an inmate with a challenge to the calculation of his release date be given a meaningful pre-deprivation opportunity to have his claim heard);

Toney-El v. Franzen, 777 F.2d 1224, 1229 (7th Cir. 1985) (holding that a full adversarial hearing was not necessary where the inmate challenged only the prison officials' mathematical calculation of his sentence, and that "[t]he purely mathematical nature of these calculations make written review an adequate opportunity to be heard for purposes of the due process clause"), cert. denied, 476 U.S. 1178 (1986).  Here, petitioner challenged the calculation of his sentence and his claim that he did not receive all the proper credits was reviewed by the appellate courts of Pennsylvania.  Thus, petitioner was not deprived of due process of law.

It is well established "that imprisonment beyond one's term constitutes punishment within the meaning of the Eighth Amendment."  Sample, 885 F.2d at 1108.  However, to obtain habeas relief on this claim, petitioner must show that the Pennsylvania court's finding that his sentence was calculated properly "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(2).  Here, petitioner has made no such showing.

In attacking the calculation of the sentences, petitioner alleges that "[c]onfinement from 4/27/96 - 11/3/96 [was] omitted by respondents."  (Petitioner's Traverse at 3.)  In other words, petitioner believes this time period was not credited toward the backtime owed under his Montgomery County sentences.  As explained in the Commonwealth's Answer, the time served from April 27, 1996 to December 25, 1996 was credited to the Philadelphia sentences.  (Commonwealth's Answer at ¶¶ 18, 21.)  Petitioner cannot "double count" time served under the Philadelphia sentences against the backtime owed under the Montgomery County sentences.  The Philadelphia sentences had to be served consecutively to the maximum Montgomery County sentences because petitioner violated parole under the Montgomery County sentences.

Pennsylvania law is clear that a parolee's backtime sentence must be served consecutively to any new sentence. Commonwealth v. Dorian, 468 A.2d 1091, 1092 (Pa. 1983) ("[T]he [] law is quite clear that a parolee violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order."). Because petitioner has not shown a miscalculation of his sentences, there can be no violation of his constitutional rights.

Accordingly, the court makes the following:

### RECOMMENDATION

AND NOW, this 26th day of October, 2005, for all of the above reasons, petitioner has not shown that his sentences were improperly calculated; thus, his constitutional rights were not violated. Therefore, this court respectfully recommends that the petition should be denied and that no certificate of appealability ("COA") be granted.[2]

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

---

[2] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).